FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 5 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00411-BNB

LAQUAN D. CARTER,
    Plaintiff,

v.

DAVID P. STEINKAMP, U.S.A., and
JOHN L. KAMMERZELL, U.S. Marshal,
    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Laquan D. Carter, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado. Mr. Carter has filed **pro se** a Prisoner Complaint in which he apparently claims that he is entitled to be released from custody because he has satisfied the judgment in his criminal case.

Mr. Carter has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **See Neitzke v. Williams**, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the Prisoner Complaint liberally because Mr. Carter is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Carter alleges that he was arrested in 2002 for alleged violations of federal law. He subsequently was convicted of various drug and firearms offenses in the United States District Court for the District of Minnesota and he was sentenced to 405 months in prison. *See United States v. Carter*, No. 03-107 (JNE), 2010 WL 1416909 at **1-2 (D. Minn. Apr. 6, 2010) (order denying 28 U.S.C. § 2255 motion). Mr. Carter's conviction was affirmed on direct appeal. *See United States v. Carter*, 481 F.3d 601, 609-11 (8th Cir. 2007), *cert denied*, 552 U.S. 1063 (2007).

Mr. Carter's description of his conviction and sentence is somewhat different. According to Mr. Carter, he "was duly convict[ed] for violation of the civil and criminal statute(s) and fined the sum certain $13,000,000 according to statute after a judgment pursuant to 28 U.S.C. § 3002(8) was entered in favor of the United States in a court and arising from a civil/criminal proceeding regarding a debt." (Doc. #1 at 3.) Furthermore, "[t]his $13,000,000 fine imposed by statute by implication created a lien in favor of the United States Corporation necessary to satisfy the judgment." (*Id.*)

Mr. Carter asserts one claim for relief in the Prisoner Complaint that is titled "Payment by Laquan D. Carter satisfies the judgment and releases the lien imposed by

statute against the body of Laquan D. Carter." (*Id.* at 4.) Mr. Carter asserts this claim pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and 28 U.S.C. §§ 3001, et seq. He specifically alleges in support of his claim that the United States can obtain jurisdiction over crimes committed within the boundaries of a state only by filing "a NOTICE OF LEVY as a prejudgment remedy, . . . which created a lien for the sum certain of $13,000,000 in favor of the United States." (*Id.*) Furthermore,

> As punishment for crime, Laquan D. Carter became a slave under the U.S. Constitution, XIII Amend. § 1, and considered chattel, goods, and personal property levied upon and seized by the United States [corporation] giving the United States [corporation] legal title and quasi in rem jurisdiction over the body of Laquan D. Carter.
>
> On November 1, 2010, Laquan D. Carter delivered payment in the form of a Certified Promissary Note NO.LDC-11110-LC, in good faith and in accordance with law for satisfying payee's claim and discharging Laquan D. Carter pursuant to 28 U.S.C. § 3206 from liability on Judgment and Commitment No.03CR107(1), and suspend the obligation in accordance with law pursuant to 28 U.S.C. § 3201(d).
>
> David P. Steinkamp, d.b.a, U.S.A., retained that negotiable instrument for honor and agreed to be foreclosed on by laches and estopped from maintaining or enforcing the imposed statutory lien/levy in any court or administrative unit, thereby establishing Laquan D. Carter's right to repossession of his body taken in execution pursuant to 28 U.S.C. § 3203(c)(B)(iii). Failure of David P. Steinkamp, d.b.a., U.S.A., to release the lien pursuant to 28 U.S.C. § 3201(d) will be within prohibition of 28 U.S.C. § 2007(a).

(*Id.* at 4-5 (brackets in original).)

Construing the complaint liberally, It appears to the Court that Mr. Carter seeks to be released from custody because, according to him, he has satisfied the judgment in

his criminal case by tendering a promissary note to satisfy the fine/lien. However, Mr. Carter's contention that he has satisfied the judgment in his criminal case and that he must be released from custody because he has presented the United States Attorney for the District of Minnesota with a promissary note to pay the alleged $13,000,000.00 fine/lien is nonsensical and legally frivolous. As noted above, Mr. Carter asserts his claim pursuant to *Bivens* and 28 U.S.C. §§ 3001, et seq. "Under *Bivens*, an individual has a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority." *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). Title 28 U.S.C. §§ 3001, et seq., relates to procedures for federal debt collection.

Whatever claim Mr. Carter may be asserting under *Bivens* is legally frivolous because he is not seeking damages as relief and he fails to allege facts to support an arguable claim that his rights under the United States Constitution have been violated. Mr. Carter also cannot assert an arguable claim that he is entitled to release under 28 U.S.C. §§ 3001, et seq., because the cited statues do not authorize or justify his release from a valid sentence of imprisonment imposed as part of his criminal conviction. Mr. Carter's reference to 28 U.S.C. § 2007(a), which provides that "[a] person shall not be imprisoned for debt, on a writ of execution or other process issued from a court of the United States in any State wherein imprisonment for debt has been abolished," also does not justify the relief he seeks in this action because he is not imprisoned for failure to pay a fine or any other debt. He is imprisoned as a result of a facially valid criminal conviction and sentence.

For all of these reasons, the Court finds that the complaint is legally frivolous and must be dismissed. Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  5th  day of     May     , 2011.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00411-BNB

LaQuan D. Carter
Reg No. 14508-031
FCI - Florence
P.O. Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on January 18, 2011.

                                GREGORY C. LANGHAM, CLERK

                                By: _____
                                              Deputy Clerk